IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Civil Action No. 14-cv-02982-KMT

DANE S. NEWTON,

     Applicant,

v.

MICHAEL MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## ORDER TO DISMISS IN PART

     This case is before this Court pursuant to the Order of Reference entered March 11, 2015, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

     Applicant Dane S. Newton is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Newton has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in Douglas County District Court case number 07CR434. On November 19, 2014, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On January 9, 2015, Respondents filed their Pre-Answer Response (ECF No. 13).  Mr. Newton has not filed a reply to the Pre-Answer Response despite being given

an opportunity to do so.

The Court must construe the Application liberally because Mr. Newton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

The Colorado Court of Appeals described the relevant factual and procedural background as follows:

> Defendant was convicted of aggravated robbery, conspiracy to commit aggravated robbery, menacing with a deadly weapon, illegal discharge of a firearm, and theft ($100-$500), all arising from the armed robbery of a liquor store.
>
> Defendant was sentenced to imprisonment for twenty-four years on the aggravated robbery charge and twelve years on the conspiracy charge, to be served consecutively. He also received shorter, concurrent sentences on the other convictions.
>
> A division of this court affirmed defendant's convictions on direct appeal. *People v. Newton*, (Colo. App. No. 08CA1909, June 2, 2011) (not published pursuant to C.A.R. 35(f)).
>
> In 2013, defendant filed a motion for postconviction relief under Crim. P. 35(c) alleging ineffective assistance of trial counsel. The district court, without holding a hearing, issued a comprehensive order denying the motion.

*People v. Newton*, No. 13CA0567, slip op. at 1-2 (Colo. App. July 17, 2014) (ECF No.

13-12 at 2-3). The trial court's order denying the Rule 35(c) motion was affirmed on appeal. (*See id.*) Mr. Newton did not seek certiorari review in the Colorado Supreme Court in the postconviction proceedings. (*See* ECF No. 13-15.)

The Application was filed on November 3, 2014. Mr. Newton raises the following seven claims for relief in the Application: (1) the trial court's failure to investigate pretrial allegations of a conflict with counsel resulted a denial of Mr. Newton's right to conflict-free counsel; (2) trial counsel was ineffective by making Mr. Newton waive his right to a speedy trial; (3) trial counsel was ineffective by failing to adequately advise Mr. Newton regarding a proposed plea agreement; (4) trial counsel was ineffective by failing to provide a timely alibi witness notice, and the trial court abused its discretion in not allowing the alibi witnesses to testify; (5) trial counsel was ineffective by failing to object to the prosecution's improper comment during closing argument about Mr. Newton's silence; (6) trial counsel was ineffective by failing to object to false information in the presentence investigation report; (7) counsel on direct appeal was ineffective by failing to raise the conflict issue.

## II.  ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III.  EXHAUSTION OF STATE REMEDIES

Respondents contend that each of Mr. Newton's claims is unexhausted and procedurally defaulted. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted

state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not

satisfy this burden.  *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

**A. Claim 1**

Respondents first contend that claim 1 is unexhausted and procedurally defaulted. Claim 1 is the conflict claim in which Mr. Newton alleges the trial court's failure to investigate pretrial allegations of a conflict with counsel resulted in a denial of his right to conflict-free counsel.  Respondents concede that Mr. Newton raised the conflict claim as a federal constitutional claim in the state court postconviction proceedings.  However, Respondents contend that Mr. Newton did not fairly present the conflict claim to the state courts because the Colorado Court of Appeals rejected the claim on an independent and adequate state procedural ground.

The Colorado Court of Appeals determined that the conflict claim, which was raised in state court as two claims, was barred from postconviction review because Mr. Newton "could have presented both of these claims – that the trial court erred in denying the motion to substitute counsel and in failing to further inquire into the potential of a conflict – in his direct appeal."  (ECF No. 13-12 at 8.)  The Colorado Court of Appeals based its conclusion on Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure, which provides that a postconviction court shall deny any claim that could have been brought in a prior appeal or postconviction proceeding.  (*See id.*)  Under these circumstances, the Court agrees that the conflict claim was not fairly presented to the

Colorado state courts and is not exhausted. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance"). Therefore, Mr. Newton fails to demonstrate he has exhausted state remedies with respect to claim 1.

**B.   Claims 2, 3, 5, and 6**

Respondents concede that Mr. Newton raised claims 2, 3, 5, and 6 as federal constitutional claims in the state court postconviction proceedings and that the Colorado Court of Appeals rejected each of these claims on the merits. However, Respondents contend that claims 2, 3, 5, and 6 are unexhausted and procedurally defaulted because Mr. Newton did not fairly present the claims to the Colorado Supreme Court in a petition for writ of certiorari.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As discussed above, Respondents concede that Mr. Newton fairly presented claims 2, 3, 5, and 6 as federal constitutional claims to the Colorado Court of Appeals and that the Colorado Court of Appeals denied relief on the merits of those claims.

The Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that claims 2, 3, 5, and 6 are exhausted.

## C. Claim 4

Respondents next argue that claim 4 is unexhausted and procedurally defaulted. Mr. Newton contends in claim 4 both that trial counsel was ineffective by failing to provide a timely alibi witness notice and that the trial court abused its discretion in not allowing the alibi witnesses to testify. Respondents maintain that claim 4 is unexhausted because, although Mr. Newton raised on direct appeal a claim that the trial court abused its discretion by not allowing testimony from an alibi witness for which he had not given proper notice, Mr. Newton has not raised in any state court proceeding a claim that trial counsel was ineffective by failing to provide a timely alibi witness notice.

The Court has reviewed Mr. Newton's opening briefs on direct appeal and on appeal from the denial of his Rule 35(c) motion and agrees that he did not raise in either appeal a claim that trial counsel was ineffective by failing to provide a timely alibi witness notice. Mr. Newton did argue on direct appeal that his constitutional right to present a defense was violated when the trial court excluded testimony of an alibi witness who was not timely disclosed. (*See* ECF No. 13-2 at 12-16.) However, this claim is analytically distinct from a claim that counsel was ineffective by failing to provide a timely alibi witness notice. Thus, regardless of whether Mr. Newton exhausted state remedies with respect to a claim that his federal constitutional right to present a defense was violated, he still fails to demonstrate he exhausted state remedies with respect to the ineffective assistance of counsel argument in claim 4. *See White v. Mitchell,* 431 F.3d 517, 525-526 (6th Cir. 2005) (claim that counsel was ineffective for failing to raise *Batson* challenge did not exhaust independent claim that prosecution improperly excluded women from the jury

under *Batson*); *Rose v. Palmateer,* 395 F.3d 1108, 1112 (9th Cir. 2005) (claim that counsel was ineffective for failing to seek suppression of confession did not exhaust claim that confession was involuntary); *Medicine Blanket v. Brill*, 425 F. App'x. 751, 754 (10th Cir. 2011) (unpublished) (concluding that habeas petitioner's exhaustion of ineffective assistance of counsel claim based on violation of his due process rights did not exhaust due process claim where petitioner failed to present a separate due process claim to state appellate court and claims were analytically distinct); *cf. Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) (distinguishing between a Fourth Amendment suppression claim and a Sixth Amendment ineffective assistance claim based on failure to litigate competently the Fourth Amendment issue, and stating that "[w]hile defense counsel's failure to make a timely suppression motion is the primary manifestation of incompetence and source of prejudice advanced by respondent, the two claims are nonetheless distinct, both in nature and in the requisite elements of proof"). As noted above, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson*, 459 U.S. at 6. Therefore, Mr. Newton fails to demonstrate he has exhausted state remedies with respect to the ineffective assistance of counsel argument in claim 4.

To the extent Mr. Newton asserts in claim 4 that the trial court abused its discretion by not allowing testimony from an alibi witness, that portion of claim 4 does not present a cognizable federal constitutional claim. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, this portion of claim 4 may not be raised in a federal habeas corpus action pursuant to § 2254 and must be dismissed.

### D.   Claim 7

Respondents finally contend that claim 7 is unexhausted and procedurally defaulted because Mr. Newton has not raised in any state court proceeding a claim that counsel on direct appeal was ineffective. Based on the Court's review of Mr. Newton's state court appellate briefs, the Court agrees with Respondents that Mr. Newton did not fairly present to the Colorado appellate courts a claim that counsel on direct appeal was ineffective by failing to raise the conflict issue. Therefore, Mr. Newton fails to demonstrate he has exhausted state remedies for claim 7.

## IV.   PROCEDURAL DEFAULT

Although Mr. Newton fails to demonstrate he has exhausted state remedies for claims 1, 4, and 7, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Newton no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Furthermore, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state

procedural rule.   *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."   *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).   A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases."   *Id.*   Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.   *See Coleman*, 501 U.S. at 730.

Respondents contend, and the Court agrees, that Mr. Newton no longer has an adequate and effective state remedy available to him.   As the Colorado Court of Appeals determined with respect to Mr. Newton's conflict claim, Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides that, with limited exceptions not applicable to Mr. Newton, the state courts must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding.   The same rule would prevent Mr. Newton from raising his other unexhausted claims in a successive postconviction motion.   The Court notes that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law.   The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior proceeding).   In addition, Mr. Newton presents no argument that Rule 35(c)(3)(VII) is not independent and adequate.

Therefore, the unexhausted claims are procedurally defaulted and cannot be considered unless Mr. Newton demonstrates either cause and prejudice or a fundamental

miscarriage of justice. Mr. Newton's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Newton must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Newton can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Mr. Newton asserts in claim 7 that counsel on direct appeal was ineffective by failing to raise the conflict issue and, in certain instances, ineffective assistance of counsel can constitute cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). However, Mr. Newton cannot demonstrate cause for a procedural default premised on ineffective assistance of counsel unless the ineffective assistance of counsel claim first is raised as an independent constitutional claim in state court. *See id.* As noted above, Mr. Newton has not fairly presented to the state courts a claim that counsel on direct appeal was ineffective by failing to raise the conflict issue. Therefore, Mr. Newton cannot rely on direct appeal counsel's alleged ineffectiveness to demonstrate cause for his procedural default of the conflict claim.

Mr. Newton raises no other arguments that might demonstrate good cause for his procedural default or any resulting prejudice. He also fails to demonstrate or argue that a failure to consider the merits of his unexhausted claims will result in a fundamental miscarriage of justice. Therefore, claims 1, 4, and 7 are procedurally barred and must be dismissed.

## V.   CONCLUSION

In summary, Respondents do not raise the one-year limitation period as an affirmative defense. The Court finds that claims 2, 3, 5, and 6 are exhausted. However, claims 1, 4, and 7 will be dismissed as unexhausted and procedurally barred. Accordingly, it is

**ORDERED** that 1, 4, and 7 in the Application are DISMISSED because the claims are unexhausted and procedurally barred. It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED March 23, 2015.

**BY THE COURT**:

_____
Kathleen M. Tafoya
United States Magistrate Judge