IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Civil Action No. 14-cv-02982-KMT

DANE S. NEWTON,

      Applicant,

v.

MICHAEL MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

---

      This case is before this Court pursuant to the Order of Reference entered March 11, 2015, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

      Applicant Dane S. Newton is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Newton has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in Douglas County District Court case number 07CR434.  Respondents have filed an Answer (ECF No. 27) ("the Answer") and Mr. Newton has filed a Reply Brief (ECF No. 34) ("the Traverse").  After reviewing the record, including the Application, the Answer, the Traverse, and the state court record, the Court FINDS and CONCLUDES that the Application should be denied and the case dismissed with prejudice.

## I.  BACKGROUND

The Colorado Court of Appeals described the relevant factual and procedural

background as follows:

> Defendant was convicted of aggravated robbery, conspiracy to commit aggravated robbery, menacing with a deadly weapon, illegal discharge of a firearm, and theft ($100-$500), all arising from the armed robbery of a liquor store.
>
> Defendant was sentenced to imprisonment for twenty-four years on the aggravated robbery charge and twelve years on the conspiracy charge, to be served consecutively. He also received shorter, concurrent sentences on the other convictions.
>
> A division of this court affirmed defendant's convictions on direct appeal.  *People v. Newton*, (Colo. App. No. 08CA1909, June 2, 2011) (not published pursuant to C.A.R. 35(f)).
>
> In 2013, defendant filed a motion for postconviction relief under Crim. P. 35(c) alleging ineffective assistance of trial counsel.  The district court, without holding a hearing, issued a comprehensive order denying the motion.

*People v. Newton*, No. 13CA0567, slip op. at 1-2 (Colo. App. July 17, 2014) (ECF No.

27-1 at 2-3).  The trial court's order denying the Rule 35(c) motion was affirmed on

appeal.  (*See id.*)  Mr. Newton did not seek certiorari review in the Colorado Supreme

Court in the postconviction proceedings in a timely manner.  (*See* ECF No. 13-15.)

The Application was filed on November 3, 2014.  Mr. Newton raises the following

seven claims for relief in the Application: (1) the trial court's failure to investigate pretrial

allegations of a conflict with counsel resulted a denial of Mr. Newton's right to conflict-

free counsel; (2) trial counsel was ineffective by making Mr. Newton waive his right to a

speedy trial; (3) trial counsel was ineffective by failing to advise him properly regarding

2

the difference between an *Alford* plea and a regular plea agreement; (4) trial counsel was ineffective by failing to provide a timely alibi witness notice, and the trial court abused its discretion in not allowing the alibi witnesses to testify; (5) trial counsel was ineffective by failing to object to the prosecution's improper comment during closing argument about Mr. Newton's silence; (6) trial counsel was ineffective by failing to object to false information in the presentence investigation report; (7) counsel on direct appeal was ineffective by failing to raise the conflict issue.  The Court previously entered an Order to Dismiss in Part (ECF No. 21) dismissing claims 1, 4, and 7 as unexhausted and procedurally barred.  As a result, only claims 2, 3, 5, and 6 remain to be considered on the merits.

## II.  STANDARDS OF REVIEW

The Court must construe the Application and other papers filed by Mr. Newton liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Mr. Newton bears the burden of proof under § 2254(d).  *See*

*Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

The Court reviews claims of legal error and mixed questions of law and fact

pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir.

2003).  The threshold question the Court must answer under § 2254(d)(1) is whether

Mr. Newton seeks to apply a rule of law that was clearly established by the Supreme

Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390

(2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta,

of [the Supreme] Court's decisions as of the time of the relevant state-court decision."

*Id.* at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or
> similar to the case *sub judice*.  Although the legal rule at
> issue need not have had its genesis in the closely-related or
> similar factual context, the Supreme Court must have
> expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).  If there is no clearly established

federal law, that is the end of the Court's inquiry under § 2254(d)(1).  *See id.* at 1018.

If a clearly established rule of federal law is implicated, the Court must determine

whether the state court's decision was contrary to or an unreasonable application of that

clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly
> established federal law if: (a) "the state court applies a rule
> that contradicts the governing law set forth in Supreme Court
> cases"; or (b) "the state court confronts a set of facts that are
> materially indistinguishable from a decision of the Supreme
> Court and nevertheless arrives at a result different from [that]
> precedent."  *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th
> Cir. 2006)] (internal quotation marks and brackets omitted)

4

> (quoting *Williams*, 529 U.S. at 405).  "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.  *Id*. at 407-08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry.  *See Williams*, 529 U.S. at 409-10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."  *Id*. at 411.  "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671.  Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.  [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).  In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102.  In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103.

The Court reviews claims of factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court.  Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Newton bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

6

Finally, the Court's analysis is not complete "[e]ven if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006).  "Unless the error is a structural defect in the trial that defies harmless-error analysis, [the Court] must apply the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993) . . . ." *Id.*; *see also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (providing that a federal court must conduct harmless error analysis under *Brecht* anytime it finds constitutional error in a state court proceeding regardless of whether the state court found error or conducted harmless error review).   Under *Brecht*, a constitutional error does not warrant habeas relief unless the Court concludes it "had substantial and injurious effect" on the jury's verdict.  *Brecht*, 507 U.S. at 637.  "A 'substantial and injurious effect' exists when the court finds itself in 'grave doubt' about the effect of the error on the jury's verdict." *Bland*, 459 F.3d at 1009 (citing *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)).  "Grave doubt" exists when "the matter is so evenly balanced that [the Court is] in virtual equipoise as to the harmlessness of the error."  *O'Neal*, 513 U.S. at 435.  The Court makes this harmless error determination based upon a review of the entire state court record.  *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir. 2000).

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### III.  MERITS OF APPLICANT'S REMAINING CLAIMS

It was clearly established when Mr. Newton was convicted that a defendant has a

Sixth Amendment right to the effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Ineffective assistance of counsel claims are mixed questions of law and fact.  *See id.* at 698.

To establish counsel was ineffective Mr. Newton must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  *See id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id.*  It is Mr. Newton's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id.*  "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong."  *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong Mr. Newton must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable.").  In determining whether Mr. Newton has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to Mr. Newton.  *See Boyd*, 179 F.3d at 914.

If Mr. Newton fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claims must be dismissed.  *See Strickland*, 466 U.S. at 697.

8

Furthermore, conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief. *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001). Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

## A. Claim 2

Mr. Newton contends in claim 2 that trial counsel was ineffective by making him waive his right to a speedy trial and agree to be tried one day past the speedy trial deadline. Mr. Newton asserts that he agreed to waive his right to a speedy trial for one day because counsel told him she had not received pertinent video evidence from the prosecution in a timely manner. However, Mr. Newton later discovered that trial counsel actually received the video evidence in question more than three months earlier. According to Mr. Newton, it was trial counsel's lack of planning rather than a discovery defect that caused him to waive his right to a speedy trial.

The Colorado Court of Appeals applied the two-part *Strickland* test and reasoned as follows in rejecting this ineffective assistance of counsel claim:

> Defendant argues that counsel rendered ineffective assistance in the context of defendant's right to a speedy trial. The district court held that "[t]rial counsel's reasons for the continuance were abundantly appropriate and designed to allow counsel the opportunity to prepare for trial," and it concluded that "[d]efendant has failed to establish that the request to continue for one day outside of speedy trial was anything other than effective advocacy by trial counsel on behalf of [defendant]." We agree with the court that defendant has not established that counsel was ineffective for requesting the continuance.
>
> At a pretrial hearing on April 3, 2008, counsel

9

explained that trial was set for April 8.  She asked the court
to continue the trial, however, because the tape she had
received in March of J.S.'s police interview was essentially
inaudible and only that morning had she received a DVD of
the interview, which the prosecution told her was easier to
hear.  The court established that the trial would need to be
set by May 19 to be within the speedy trial period.  However,
to accommodate counsel's and the court's schedules,
counsel requested a trial date of May 20, one day past the
speedy trial deadline.  The court asked defendant if he was
willing to waive his speedy trial rights for that one day, to
which defendant answered affirmatively.  The court then
granted the continuance.

Defendant now argues that counsel's statement at the
April 3 hearing that she had received the tape of J.S.'s
interview a month earlier, in March, was false because on
May 20, the first day of trial, she admitted she had received
the taped interviews of J.S., C.P., and B.S. in January.
Defendant therefore claims that counsel's inaccurate advice
– that a continuance was necessary to review the tape and
prepare for trial – caused him to waive his speedy trial rights
and consequently he was deprived of his due process right
to a speedy trial.

The United States and Colorado Constitutions grant a
criminal defendant the right to a speedy trial.  *People v.
Curren*, 2014 COA 59, ¶ 15.  Section 18-1-405(1), C.R.S.
2013, requires that a defendant be brought to trial within six
months of his plea of not guilty.  *People v. McMurtry*, 122
P.3d 237, 240 (Colo. 2005).  The statute does not create any
additional rights; rather, it provides a method of securing the
constitutional speedy trial right.  *Id.* at 240-41.  Both the
statute itself and Colorado case law construing the statute
provide that the defendant can waive the right to a speedy
trial under a variety of circumstances.  *Id.* at 242.

Defendant fails to allege facts that establish he was
prejudiced by relying on counsel's recommendation and
waiving his speedy trial right.  Had defendant refused to
waive his speedy trial right, there is no indication that the
ultimate outcome of the proceeding would have been any
different.

We thus conclude that the court did not err in denying

> his Crim. P. 35(c) motion on this basis.  *See Ardolino*, 69
> P.3d at 77 (the denial of a Crim. P. 35(c) motion alleging
> ineffective assistance is justified if the existing record
> establishes that the defendant's allegations, even if proven
> true, would fail to establish one or the other prong of the
> *Strickland* test).

(ECF No. 27-1 at 13-16.)

Mr. Newton does not argue that the state court's decision was contrary to

*Strickland*.  In other words, he does not cite any contradictory governing law set forth in

Supreme Court cases or any materially indistinguishable Supreme Court decision that

would compel a different result.  *See House*, 527 F.3d at 1018.

Mr. Newton also fails to demonstrate that the state court's decision rejecting this

ineffective assistance of counsel claim was an unreasonable application of *Strickland*.

Mr. Newton specifically argues that counsel's stated reason for seeking a continuance

that led to the one-day waiver of his right to a speedy trial was disingenuous.  However,

he does not address the state court's determination that he failed to allege facts that

demonstrate prejudice under *Strickland*.

The Court concludes that Mr. Newton is not entitled to habeas relief with respect

to claim 2 because he fails to demonstrate the state court's ruling regarding the

absence of prejudice was "so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded

disagreement."  *Richter*, 562 U.S. at 103.  It was not unreasonable for the state court to

conclude Mr. Newton was not prejudiced by his reliance on counsel's recommendation

to waive his right to a speedy trial for one day because he fails to demonstrate the result

of the proceeding would have been different if he did not waive his right to a speedy

trial.

**B.  Claim 3**

Mr. Newton contends in claim 3 that trial counsel was ineffective by failing to advise him properly regarding the difference between a regular plea agreement and a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).  Mr. Newton alleges in support of claim 3 that the trial court refused to accept his guilty plea on the first day of trial, which included a stipulated sentence of thirteen years in prison, because he insisted he was not guilty.  According to Mr. Newton, the plea agreement could have been designated an *Alford* plea and "[t]his lack of advisement and improper negotiation with [the] prosecution led to an extremely adverse consequence as [Mr. Newton] received a 36[-]year prison sentence, designated 'violent', instead of the 13[-]year sentence he would have received."  (ECF No. 1 at 8-9.)

The Colorado Court of Appeals applied the two-part *Strickland* test and rejected this ineffective assistance of counsel claim because Mr. Newton failed to demonstrate prejudice.

> Defendant argues that counsel was ineffective because she did not advise him about the possibility of making an *Alford* plea after the district court informed defendant it would not accept his guilty plea if he maintained his innocence.  The district court rejected defendant's claim, concluding that "[d]efendant has failed to establish that he was entitled to an *Alford* plea in this matter."  We agree with the court that defendant would have needed to make such a showing to demonstrate he was prejudiced by counsel's failure in this area.
>
> On the first day of trial, counsel informed the court that defendant was prepared to plead guilty to aggravated robbery and that in exchange, the prosecution had agreed to a stipulated sentence of thirteen years.  Counsel explained

that defendant made this decision because although there was not "a whole lot of physical evidence to support a conviction, there is evidence, specifically through witness testimony, that would support a conviction" and "there is a significant likelihood that he would be convicted at trial."

The court then conducted a providency hearing. When the court asked defendant if he was satisfied with the work of counsel on his behalf, defendant answered that he was not.  Defendant explained his concerns and then stated, "[a]nd now I find myself here at trial, and I didn't do this.  And I find myself trying to take 13 years for something I didn't do."  In response, the court stated that it "does not take pleas from people who tell [it] they didn't commit the crime." Defendant subsequently decided not to plead guilty and to proceed to trial.

Defendant argues that counsel should have advised both him and the court of the court's ability to accept defendant's plea under the provisions of *Alford*, 400 U.S. 25. He claims that had she done so, defendant would have received the stipulated thirteen-year sentence and not gone to trial.

A criminal defendant has the right to counsel at every critical stage of the proceeding, which includes the acceptance of a plea offer and the entry of a guilty plea. *Carmichael v. People*, 206 P.3d 800, 805 (Colo. 2009). Additionally, "a defendant may maintain his innocence while nonetheless entering into a valid plea agreement."  *Id.* at 808 (citing *Alford*, 400 U.S. 25).

However, "[t]here is . . . no absolute right to have a guilty plea accepted" and "[a] court may reject a plea in exercise of sound judicial discretion."  *Santobello v. New York*, 404 U.S. 257, 262 (1971); *see also* § 16-7-206(2), C.R.S. 2013 ("The refusal . . . of the district attorney or the court to accept a plea of guilty to the charge shall not be a basis for assignment of error, and such refusal . . . by the district attorney or court is final."); *United States v. Cox*, 923 F.2d 519, 525 (7th Cir. 1991) (A district court is not precluded, "in the exercise of its sound discretion and in a[n] appropriate case, from rejecting a plea allowed by *Alford*."); *United States v. Gomez-Gomez*, 822 F.2d 1008, 1011 (11th Cir. 1987) ("When a defendant attempts to couple a guilty

plea with an assertion of facts that would negate his guilt, a judge may properly treat this assertion as a protestation of innocence.  Though a judge may enter judgment upon a guilty plea offered under these circumstances, he [or she] is not required to do so." (citing *Alford*, 400 U.S. at 38 nn. 10-11)).

To show prejudice from counsel's failure to inform defendant and the court of the possibility of making an *Alford* plea, defendant would have needed to allege facts that support a reasonable probability the prosecution and the court would have agreed to the *Alford* plea.  We agree with the People that defendant did not, and could not have, made such a showing, especially considering the court's statement that it does not accept pleas from defendants who maintain their innocence.

Therefore, because defendant has not alleged facts that would establish a reasonable probability that the outcome of the proceeding would have been different had counsel raised the possibility of an *Alford* plea, we conclude that the court did not err in denying defendant's Crim. P. 35(c) motion on this basis.  Because defendant has not established prejudice, we do not consider whether counsel's failure in this respect constituted deficient performance.  *See Strickland*, 466 U.S. at 697 ("[A] court [need not] address both components of the inquiry if the defendant makes an insufficient showing on one.").

(ECF No. 27-1 at 16-19.)

Mr. Newton does not specifically address the merits of claim 3 in the Traverse and he fails to demonstrate the state court's decision was contrary to or an unreasonable application of *Strickland*.  He does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result.  *See House*, 527 F.3d at 1018.  He also fails to demonstrate the state court's ruling regarding the absence of prejudice was "so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at

103.  In particular, he fails to demonstrate or even allege that the prosecution would

have agreed to an *Alford* plea and, based on the trial court's statement that it does not

accept guilty pleas from defendants who maintain their innocence, there is a clear

indication that the trial court would not have accepted an *Alford* plea.  Therefore, Mr.

Newton is not entitled to relief with respect to claim 3.

## C.  Claim 5

Mr. Newton contends in claim 5 that trial counsel was ineffective by failing to

object to an improper comment made by the prosecutor during closing argument.

According to Mr. Newton, the prosecution told the jury during closing argument that

"Defendant has nothing to say to you."  (ECF No. 1 at 10.)  He maintains that "[b]y

referencing [Mr. Newton's] choice not to testify in a manner that could be construed as

[his] lack of defense to these charges, [the] prosecution . . . stripped [Mr. Newton] of his

constitutional right by implying that an exercise of that right may be an indication of

guilt."  (*Id.*)

The Colorado Court of Appeals rejected this ineffective assistance of counsel

claim because Mr. Newton failed to demonstrate counsel was ineffective under

*Strickland*.

> Defendant argues that counsel was ineffective for
> failing to object to a comment on defendant's silence during
> the prosecution's closing argument.  The district court
> concluded that the record does not support defendant's
> allegations and that "[d]efendant has failed to establish that
> the People referred in closing argument to [d]efendant not
> testifying."  We agree with the court.
>
> Defendant claims that the prosecutor told the jury that

15

> defendant had nothing to say to them.  However, the
> transcript of the closing argument does not contain this
> statement; rather, it shows that the prosecutor stated that
> "the defense does not have to say anything to you," which is
> a correct statement of law.
>
> Accordingly, counsel could not have been ineffective
> for failing to object.

(ECF No. 27-1 at 20.)

Mr. Newton does not specifically address the merits of claim 5 in the Traverse and he fails to demonstrate the state court's decision was contrary to or an unreasonable application of *Strickland*.  Most importantly, he fails to address the factual determination by the state courts that the prosecution did not make the challenged statement.  The Court presumes this factual determination is correct and Mr. Newton bears the burden of rebutting the presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

Although Mr. Newton asserts in the Application that the prosecution commented on his silence during closing argument, he does not present clear and convincing evidence to overcome the presumption of correctness.  Furthermore, the Court's review of the transcript of Mr. Newton's trial confirms that the state court's factual determination regarding the prosecution's actual statement is correct.  That is, rather than stating during closing argument that "Defendant has nothing to say to you" as Mr. Newton asserts, the transcript demonstrates the prosecution actually stated "the defense does not have to say anything to you."  Counsel was not ineffective by failing to object to this statement, which, as the state court noted, is a correct statement of law.  Therefore, Mr. Newton is not entitled to relief with respect to claim 5.

**D.  Claim 6**

Mr. Newton contends in claim 6 that trial counsel was ineffective by failing to object to false information in the presentence investigation report.  The allegedly false information relates to two prior criminal charges against Mr. Newton in the State of California, one for corporal injury on a spouse and one for assault with a firearm on a person.  Mr. Newton contends that "[t]hese charges are very prejudicial on their face" and "may have played a very serious role in the trial judge sentencing him to such a harsh punishment."  (ECF No. 1 at 11.)  Mr. Newton apparently also argued in state court that the presentence investigation report falsely indicated these charges resulted in convictions even though the first charge was dismissed for lack of probable cause and the second charge was never an official charge because he cooperated with police detectives and no wrongdoing was found.

The Colorado Court of Appeals addressed this claim as follows:

> Defendant argues that counsel was ineffective during sentencing. . . .  He also claims that counsel . . . did not investigate and failed to challenge at the hearing the contents of the presentence investigation report (PSIR).
>
> . . . .
>
> Defendant argues that counsel provided defendant with the PSIR fifteen minutes before the sentencing hearing; that the PSIR incorrectly stated he had been convicted of two acts of violence – assault with firearm on a person and infliction of corporal injury on a spouse – for which he had not been convicted; and that counsel told him it was too late to challenge that information.  However, the PSIR does not state that defendant was convicted of these two acts of violence.  Rather, it states that he "was contacted for Assault with Firearm on Person" and "[n]o disposition is known"; and that he was "contacted for Inflict Corporal Injury on Spouse [and] Driving Under the Influence of Alcohol/Drugs" and "he

pled guilty to Driving Under the Influence," implying the charge of inflicting corporal injury was dismissed. Thus, because the PSIR did not incorrectly state defendant had been convicted of these offenses, counsel's performance could not be deficient for not challenging any statements that defendant had been convicted on those charges.

Moreover, even interpreting defendant's argument to be that the actual information contained in the PSIR was false, not that it falsely showed he was convicted of the offenses, defendant cannot establish prejudice because there is no indication the sentencing court relied on this information. At the sentencing hearing, the court emphasized the violent nature of the crime (aggravated robbery with a deadly weapon), its lasting effects on the victim, and defendant's prior conviction of the felony of tampering with the identification marks on a firearm. The court stressed that defendant twice had received parole in the prior felony case and twice had violated parole.

Thus, defendant has not established a reasonable probability that he would have received a lesser sentence had counsel challenged the contents of the PSIR.

(ECF No. 27-1 at 20-23.)

Mr. Newton does not specifically address the merits of claim 6 in the Traverse. He apparently does not dispute the state court's factual determination that the pre-sentence investigation report did not indicate he was convicted of the prior offenses in question. In any event, he does not present clear and convincing evidence to overcome the presumption of correctness that attaches to that factual determination. *See* 28 U.S.C. § 2254(e)(1). Thus, the Court presumes there was no indication in the presentence investigation report that Mr. Newton was convicted of the prior charges.

Mr. Newton also fails to demonstrate the state court's decision was contrary to *Strickland*. He does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a

18

different result.  *See House*, 527 F.3d at 1018.

Finally, Mr. Newton fails to demonstrate the state court's ruling regarding the absence of prejudice was an unreasonable application of *Strickland*.  The transcript of the sentencing hearing makes clear that the trial court at sentencing relied primarily on the violent nature of the crime and its lasting effects on the victim.  The trial court did refer briefly to Mr. Newton's past criminal record, but highlighted only a prior felony conviction for tampering with the identification marks on a firearm and the fact that Mr. Newton twice violated his parole in that prior felony case.  The trial court did not even mention the prior charges that provide the factual basis for claim 5 in the Application.

Under these circumstances, Mr. Newton cannot demonstrate a reasonable probability that he would have received a reduced sentence if counsel had challenged the contents of the presentence investigation report.  In short, Mr. Newton fails to demonstrate the state court's prejudice determination was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.  Therefore, Mr. Newton also is not entitled to relief with respect to claim 6.

## V.  CONCLUSION

In summary, the Court finds that Mr. Newton is not entitled to relief on his remaining claims.  Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied and this case is dismissed with prejudice.  It is further

**ORDERED** that there is no basis on which to issue a certificate of appealability

19

pursuant to 28 U.S.C. § 2253(c).

DATED July 1, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge